**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MANAGEMENT & TRAINING CORPORATION; et al.,<br><br>Defendants-Appellees. | No. 17-16676<br><br>D.C. No. 1:09-cv-02041-AWI-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

John Michael Crim, a former federal prisoner, appeals pro se from the

district court's judgment dismissing his action alleging federal and state law

violations. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse

of discretion a dismissal for failure to comply with a court order. *Pagtalunan v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Crim's action because Crim failed to comply with a court order and meet deadlines, despite being warned that failure to comply would result in dismissal. *See id.* at 642-43 (discussing the five factors for determining whether to dismiss for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)).

We reject as without merit Crim's contentions that he was denied due process or deprived of any rights or privileges.

We do not consider the district court's order denying Crim's request to use electronic filing because Crim did not file an amended notice of appeal. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-16676